IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30852
Summary Calendar

_____


PHIL HENDERSON, SR.

Petitioner-Appellant,

v.

JOSEPH M. HARO,

Respondent-Appellee.

---------------------------------
Appeal from the United States District Court
for the Western District of Lousiana
---------------------------------

March 5, 2002

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges:

BENAVIDES, Circuit Judge:

In this habeas corpus case filed under 28 U.S.C. § 2241, Phil Henderson, Sr. ("Henderson"), federal prisoner # 21589-034, appeals from the district court's transfer of his petition to this court for certification pursuant to §§ 2255 and 2244. Henderson was convicted on federal narcotics charges and sentenced in the Eastern District of Louisiana. He filed several habeas petitions under § 2255 in that court, but all were denied. He then filed the present petition under § 2241 in the Western District of Lousiana, where he is currently serving his sentence. This petition alleges that his conviction and sentence should be vacated because the indictment was defective and he received

--1--

ineffective assistance of counsel. The district court construed this claim as a § 2255 petition and transferred it to this court for certification.

Section 2241 is the pro per vehicle for challenging the way in which a sentence is being executed and is available only "where the petitioner establishes that the remedy provided for under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). The burden of demonstrating the ineffectiveness of a § 2255 petition rests squarely on the shoulders of the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam). Two factors must be satisfied before a petitioner may file a § 2241 petition in connection with the § 2255 savings clause. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, it must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* Henderson's petition does not satisfy this test, as he merely suggests that his petition will be unsuccessful under § 2255's requirements for successive petitions. The inability to meet these requirements, however, does not render § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 280. Therefore, as he cannot make use of the savings clause, the district court properly construed Henderson's petition as a § 2255 motion. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam).

Because this petition represents a successive § 2255 motion, Henderson must obtain certification or leave of this court to proceed with a successive petition pursuant to §§ 2255 and 2244. He does not even contend that he meets the requirements that would allow a successive

--2--

petition.  Accordingly, we affirm the district court's transfer of this case to our court for certification, and because we deny leave to file a successive petition, Henderson's petition is DENIED.