IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20509
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO MORENO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas

--------------------
April 23, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:

Pedro Moreno appeals following his guilty plea and sentence to conspiracy to launder monetary instruments, 18 U.S.C. § 1956, and operation of a continuing criminal enterprise ("CCE"), 21 U.S.C. § 848. Moreno received a sentence of life imprisonment under the latter statute following a judicial determination that 122,081 kilograms of marijuana were attributable to him. Moreno argues that his indictment failed to sufficiently allege drug quantity under Apprendi v. New Jersey, 530 U.S. 466 (2000). Because Moreno did not challenge the indictment or his sentence on these grounds in the district court, this court reviews his

assertion for plain error only.  See United States v. Randle, 259 F.3d 319, 321 (5th Cir. 2001).

"[A] fact used in sentencing that does not increase a penalty beyond the statutory maximum need not be alleged in the indictment."  United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 531 U.S. 1182 (2001).  The CCE statute authorizes imprisonment for life.  See 21 U.S.C. § 848(a).  As the district court's findings regarding drug quantity did not increase Moreno's sentence of imprisonment beyond the statutory maximum, Moreno's Apprendi-based attack is unavailing.  See Keith, 230 F.3d at 787.

The remaining elements of Moreno's sentence, i.e., his term of supervised release and his fine, were in no way affected by judicial findings as to drug quantity, and thus they are not implicated by Moreno's argument.  Moreover, they do not exceed the statutory maximum.  See 18 U.S.C. §§ 3559(a)(1), 3583(b)(1); 21 U.S.C. § 848(a).  Moreno has not shown plain error; indeed, he has not shown any error at all.  Accordingly, we AFFIRM.