IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40699
Conference Calendar

_____

SHELTON PAUL RANDLE,

Petitioner-Appellant,

versus

JONATHON DOBRE, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-289
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Shelton Paul Randle, federal prisoner # 04786-078, appeals the district court's dismissal of his petition brought pursuant to 28 U.S.C. § 2241 wherein he sought to challenge the enhanced sentence he received after being convicted of possession with the intent to distribute a controlled substance. He argues that because he is precluded by the statute of limitations from filing a motion pursuant to 28 U.S.C. § 2255, the district court erred

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when it determined that he had not demonstrated that the remedy provided for under 28 U.S.C. § 2255 was inadequate. He argues that he therefore should be allowed to proceed under 28 U.S.C. § 2241. We review the district court's findings of fact for clear error and issues of law de novo. See Moody v. Johnson, 139 F.3d 477, 480 (5th Cir. 1998).

A 28 U.S.C. § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the 28 U.S.C. § 2255 remedy rests with the petitioner. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). In order to meet his burden, Randle must have shown that his claim (1) was based on a retroactively applicable Supreme Court decision which established that he may have been convicted of a nonexistent offense, and (2) was foreclosed by circuit law at the time when the claim could have been raised at trial, on appeal, or a first 28 U.S.C. § 2255 motion. See Henderson v. Haro, 282 F.3d 862, 863 (5th Cir. 2002). The inability to meet these requirements does not render 28 U.S.C. § 2255 inadequate or ineffective. Id. Moreover, 28 U.S.C. § 2255 is not inadequate merely because a prisoner is unable to meet the requirements for bringing a 28 U.S.C. § 2255 motion set forth in the AEDPA. See Tolliver, 211 F.3d at 877 (petitioner attempting to circumvent

the restriction on filing successive 28 U.S.C. § 2255 motions).

Thus, the fact that Randle is barred under the statute of limitations from bringing his motion under 28 U.S.C. § 2255 does not render the 28 U.S.C. § 2255 remedy inadequate. <u>See</u> <u>id</u>. The judgment of the district court is AFFIRMED.