IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50358
Summary Calendar
_____

JOEL GONZALEZ,

                                        Petitioner-Appellant,

versus

R.D. MILES, Warden,
Federal Correctional Institute, Bastrop,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-397-SS
--------------------
September 30, 2002

Before HIGGINBOTHAM, SMITH and CLEMENT, Circuit Judges,

PER CURIAM:*

    Joel Gonzalez, federal prisoner # 63438-079, was convicted
by a jury of conspiracy to possess with the intent to distribute
more than 1,000 kilograms of marijuana, possession with the
intent to distribute more than 1,000 kilograms of marijuana, and
money laundering.  Gonzalez appeals the district court's
dismissal of his 28 U.S.C. § 2241 petition challenging his 235
month sentence.  Gonzalez argues that his sentence is illegal

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because it was based on 3100 pounds of marijuana and the direct appeal of his codefendants held that only 1500 pounds had been proved. See United States v. Leal, 74 F.3d 600 (5th Cir. 1996).

The district court dismissed Gonzalez's habeas corpus application under 28 U.S.C. § 2241 because his claim was outside the scope of 28 U.S.C. § 2241. The district court construed the application as a motion under 28 U.S.C. § 2255 and held that the motion must have been filed in the Southern District of Texas. The district court also held that the motion was successive and could not be filed without leave of this court.

Gonzalez argues that he may proceed under 28 U.S.C. § 2241 because 28 U.S.C. § 2255 does not provide him with an adequate or effective remedy. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Gonzalez cannot prevail in his argument because he has not shown that (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. Henderson v. Haro, 282 F.3d 862, 863 (5th Cir. 2002). The district court's dismissal of Gonzalez's 28 U.S.C. § 2241 application is AFFIRMED.

AFFIRMED.