IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50524
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RICARDO RUIZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-92-CR-58-ALL-JN
--------------------
October 2, 2002

Before HIGGINBOTHAM, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

José Ricardo Ruiz, federal prisoner #12399-080, has filed a notice of appeal from an order of the district court construing his motion under FED. R. CIV. P. 60(b)(3) as a 28 U.S.C. § 2255 motion and transferring it to this court to consider whether it meets the requirements for filing a successive 28 U.S.C. § 2255 motion. Ruiz argues that the district court lacked authority to construe his Rule 60(b)(3) motion as a 28 U.S.C. § 2255 motion.

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ruiz's Rule 60(b)(3) motion was an attempt to gain relief from his drug conspiracy conviction. Therefore, the district court properly construed it as a § 2255 motion. "[C]ourts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 motions." United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998); see also Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999) ("Rule 60(b) motions should be construed as successive habeas petitions governed by the AEDPA's provisions.")

Because Ruiz's Rule 60(b)(3)-denominated motion represents a second or successive § 2255 motion, he must obtain leave of this court to proceed with a successive motion pursuant to §§ 2255 and 2244(b)(3). See Henderson v. Haro, 282 F.3d 862, 864 (5th Cir. 2002). Ruiz makes no attempt to demonstrate that he satisfies the requirements for a successive 28 U.S.C. § 2255 motion. Accordingly, we AFFIRM the district court's transfer and DENY authorization to file a second or successive 28 U.S.C. § 2255 motion. Ruiz's motion for appointment of counsel is DENIED.

AFFIRMED; AUTHORIZATION TO FILE A SECOND OR SUCCESSIVE 28 U.S.C. § 2255 MOTION DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.