IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40683
Summary Calendar

_____

MARGARITO ERNESTO GUERRA

Petitioner - Appellant

v.

JONATHON DOBRE, Warden;UNITED STATES OF AMERICA

Respondents - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-115
--------------------
October 4, 2002

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Margarito Ernesto Guerra, a federal prisoner (# 37025-079), appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition.  Guerra has asserted that he is "actually innocent" of his 20-year prison sentence for conspiracy to possess marijuana with intent to distribute, both because the Government failed to inform him under 21 U.S.C. § 851 of its intent to use his prior conviction to enhance his sentence and because the sentence violated the principles of Apprendi v. New Jersey, 530 U.S. 466 (2000).  The district court concluded that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because Guerra's petition challenged the legality of his sentence, it was in the nature of a 28 U.S.C. § 2255 motion to vacate, but Guerra had not satisfied the "savings clause" of that statute. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Although Guerra could proceed under 28 U.S.C. § 2241 if he demonstrated that 28 U.S.C. § 2255 relief was "inadequate or ineffective" under the latter statute's "savings clause," Guerra has made no such showing. His claim based on Apprendi is frivolous because, pursuant to his plea agreement, he conceded involvement in brokering "less than 100 kilograms of marijuana," and his sentence based on such a total carried a maximum prison term of 20 years. See United States v. Moreno, 289 F.3d 371, 372-73 (5th Cir. 2002). Because Guerra's claim based on 21 U.S.C. § 851 does not rely on a retroactively applicable decision of the United States Supreme Court, it does fall within the "savings clause." See Henderson v. Haro, 282 F.3d 862, 863 (5th Cir. 2002).

Because Guerra has not demonstrated any error in the district court's judgment, the judgment is AFFIRMED.