IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No.  02-10105
Conference Calendar

_____

MARK ANTHONY,

Plaintiff-Appellant,

versus

SAM L. PRATT, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-1236-G
--------------------
October 30, 2002
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Mark Anthony, federal prisoner # 05991-062, appeals the

district court's dismissal of his 28 U.S.C. § 2241 petition

wherein he sought to challenge his conviction and 360-month

sentence for conspiracy to distribute in excess of 50 grams of

cocaine base.  The district court dismissed the petition upon a

finding that Anthony had failed to show that the remedy provided

under 28 U.S.C. § 2255 was inadequate and thus, Anthony did not

show that his petition properly was brought under 28 U.S.C.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 2241.  Anthony argues that although he "clearly invoked Section 2241" the district court incorrectly recharacterized his petition as a successive 28 U.S.C. § 2255 motion and thus failed to recognize the "unique and separate authority of Section 2241." He contends that he sought to challenge his sentence under 28 U.S.C. § 2241 due to a "watershed rule change of constitutional law" provided in Apprendi v. New Jersey, 530 U.S. 466 (2000). The district court's findings of fact are reviewed for clear error and issues of law are reviewed de novo.  See Moody v. Johnson, 139 F.3d 477, 480 (5th Cir. 1998).

Under the "savings clause" of 28 U.S.C. § 2255, if the petitioner can show that 28 U.S.C. § 2255 provides him with an inadequate or ineffective remedy, he may proceed by way of 28 U.S.C. § 2241.  Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).  To do so, the petitioner must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion.  See Henderson v. Haro, 282 F.3d 862, 863 (5th Cir. 2002).  The burden of demonstrating the inadequacy of the 28 U.S.C. § 2255 remedy rests with the petitioner.  Jeffers v. Chandler, 253 F.2d 827, 830 (5th Cir.), cert. denied, 122 S. Ct. 476 (2001).

Apprendi applies only to cases in which the defendant's sentence exceeds a statutory maximum, not to cases in which the sentence is enhanced within the statutory range based upon a drug-quantity finding. Id. Anthony was convicted of conspiring to distribute in excess of 50 grams of cocaine base in violation of 21 U.S.C. § 841(B)(1)(A)(iii). The maximum penalty for such an offense is life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(iii). Thus, regardless whether Apprendi applies retroactively to cases on collateral review, it is inapplicable to Anthony's conviction. See United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001).

Because Anthony has not shown that he may have been convicted of a nonexistent offense, he is not entitled to proceed under 28 U.S.C. § 2241. See Henderson, 282 F.3d at 863. Furthermore, this court has recently held that Apprendi is not a basis for a 28 U.S.C. § 2241 petition. Wesson v. United States Penitentiary, Beaumont, Tex., 305 F.3d 343, 347-48 (5th Cir. 2001). The judgment of the district court is AFFIRMED.