IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-10916
Summary Calendar

———————————

GEORGE ALLEN DAY,

                                        Petitioner-Appellant,

versus

ERNEST CHANDLER, Warden, FPC Beaumont,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-561-Y
--------------------
December 20, 2002
Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

     George Allen Day, federal prisoner # 19407-077, appeals from

the dismissal of his purported 28 U.S.C. § 2241 petition in which

he sought to attack his guilty plea conviction in 1989 for false

entry in records of federally insured financial institutions and

wire fraud that was used by the U.S. Parole Commission to deny

him release on parole from a 1995 conviction for offenses related

to bank fraud.  Day filed the petition in the Eastern District of

Texas, where he is incarcerated, but the district court concluded

———————————————————

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the petition was actually a 28 U.S.C. § 2255 motion and transferred it to the Northern District of Texas, where Day was sentenced. The Northern District dismissed the petition on the ground that because Day sought relief pursuant to 28 U.S.C. § 2241, it lacked jurisdiction to consider the petition. In the alternative, the district court held that Day's petition was successive.

Day argues that the Eastern District's characterization of his petition was erroneous and that the court lacked jurisdiction to transfer it. He further argues that the indictment for the 1989 conviction and his guilty plea were both defective.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). A 28 U.S.C. § 2241 petition is not a "substitute" for a motion under 28 U.S.C. § 2255, and a "[§] 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Because Day's petition expressly attacked the validity of his 1989 conviction, the Eastern District correctly construed it as a 28 U.S.C. § 2255 motion. Id. The Eastern District also properly transferred the petition to the Northern District. See 28 U.S.C. §§ 1406(a), 1631.

Afforded liberal construction, Day argues that his petition should not have been transferred because it falls under the

"saving clause" of 28 U.S.C. § 2255.  However, Day has not shown that he meets the requirements of the savings clause.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Once Day's pleading was transferred to the Northern District, that court correctly noted that it was subject to dismissal for being successive.  See 28 U.S.C. §§ 2244(b)(3)(A), 2255.  Because Day has previously filed 28 U.S.C. § 2255 motions attacking his 1989 and 1995 convictions, the Northern District could not consider the instant pleading unless Day first obtains permission to file a successive 28 U.S.C. § 2255 motion.  See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999).  Day requests that his brief be considered a request for such permission.  However, Day does not contend that he meets the requirements for filing a successive motion, and he makes no showing that his claims rely on a new rule of constitutional law that was made retroactive by the Supreme Court to cases on collateral review or on newly discovered evidence.  See 28 U.S.C. § 2255; Henderson v. Haro, 282 F.3d 862, 863 (5th Cir. 2002).

AFFIRMED.