United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51300
Summary Calendar

_____

MIGUEL ANGEL MORALES-SOSA,

                                        Petitioner-Appellant,

versus

R. D. MILES, Warden of Federal
Correctional Institution, Bastrop,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-244-SS
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Miguel Angel Morales-Sosa (Morales), federal prisoner
# 31037-077, sentenced in the United States District Court for
the Northern District of Texas, appeals the district court's
dismissal of his 28 U.S.C. § 2241 petition.  Morales argued in
his petition that the Government breached his plea agreement, his
plea was not voluntary, and the district court erred in accepting
the presentencing report.  His petition was transferred to the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

United States District Court for the Western District of Texas, which is located in the district where he is incarcerated. On appeal, inter alia, Morales contends that his petition should not have been dismissed by the custodial district court, but should have been transferred back to the sentencing court for disposition.

Because Morales's petition challenges trial and sentencing errors, it should be construed as a motion arising under 28 U.S.C. § 2255 unless Morales establishes that his claims fall under the savings clause of 28 U.S.C. § 2255. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause applies where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

Morales does not even attempt to carry the burden of proving that his 28 U.S.C. § 2241 petition falls under the savings clause of 28 U.S.C. § 2255. See Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002), cert. denied, 123 S. Ct. 1374 (2003). Consequently, Morales "may not avail himself of [28 U.S.C. §] 2241 relief in this case." Pack, 218 F.3d at 453. Therefore, Morales's petition "must either be dismissed or construed as a [28 U.S.C. §] 2255 motion." Id. at 452.

The custodial court did not have jurisdiction to hear Morales's instant petition construed as a 28 U.S.C. § 2255 motion because claims under 28 U.S.C. § 2255 must be heard in the sentencing court. See id. at 451; 28 U.S.C. § 2255. However,

the sentencing court would not have jurisdiction over Morales's claims because Morales previously has filed a motion under 28 U.S.C. § 2255 attacking his conviction and sentence and he has not obtained certification to file a successive motion under 28 U.S.C. § 2255. See Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999). Moreover, Morales has not made any showing that his petition satisfies the applicable requirements for such a motion. See Henderson v. Haro, 282 F.3d 862, 864 (5th Cir. 2002).

Consequently, the district court did not err in dismissing Morales's 28 U.S.C. § 2241 petition. See Pack, 218 F.3d at 453. Accordingly, the judgment of the district court is hereby AFFIRMED.