United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30103
Summary Calendar

_____

WILLIAM JAMES MITCHELL,

Petitioner-Appellant,

versus

CARL CASTERLINE,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No.  02-CV-1838-A
---------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

William James Mitchell, federal prisoner No. 84559-020,

appeals the dismissal of his 28 U.S.C. § 2241 petition.  In June

1993, Mitchell was convicted of controlled substance and firearms

offenses in the United States District Court for the Middle

District of Georgia, and he was sentenced to a 300-month term of

imprisonment, enhanced by a prior controlled substance

conviction.  Mitchell is currently incarcerated in the Western

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

District of Louisiana.  Mitchell has challenged his sentence under 28 U.S.C. § 2255, without success.

Mitchell argues the trial court lacked jurisdiction to impose an enhanced sentence because the Government did not properly serve Michell with the enhancement information as required by 21 U.S.C. § 851(a) and because the court failed to comply with the requirements of 21 U.S.C. § 851(b) prior to imposing sentence.  Because Mitchell's petition raises errors that allegedly occurred at his sentencing, it must be construed as sounding under 28 U.S.C. § 2255 unless Mitchell establishes that his claims fall under the savings clause of 28 U.S.C. § 2255.  Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).  The savings clause applies where "the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.

Mitchell has not attempted to establish that he is entitled to relief under 28 U.S.C. § 2241 via the 28 U.S.C. § 2255 savings clause.  See Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002), cert. denied, 123 S. Ct. 1374 (2003).  Consequently, he is not entitled to § 2241 relief, and his petition must either be dismissed or construed as a § 2255 motion.  Pack, 218 F.3d at 452-53.

As claims arising under § 2255 must be heard in the sentencing court, the District Court for the Western District of Louisiana lacked jurisdiction to construe Mitchell's pleadings as

a § 2255 motion.  <u>See</u> § 2255.  Furthermore, Mitchell has previously filed a motion under § 2255 and he has not obtained certification to file a second or successive § 2255 motion.  <u>See</u> <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 898-99 (5th Cir. 2001).  Moreover, Mitchell has not made any showing that his petition satisfies the applicable requirements for such a motion.  <u>See</u> <u>Henderson v. Haro</u>, 282 F.3d 862, 864 (5th Cir. 2002).

Accordingly, the dismissal of Mitchell's § 2241 petition is AFFIRMED.