United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50761
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN ARTHUR HOOT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CR-317-ALL
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kevin Hoot appeals his sentence for bank robbery in violation of 18 U.S.C. § 2113(a). We consider this appeal despite Hoot's waiver of his right to appeal in his plea bargain agreement because during the Rule 11 hearing the district court did not ask the defendant whether he understood his "waiver of appeal and the consequences." *See* United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999); *see also* FED. R. CRIM. P. 11(b)(1)(N). Nor did the district court ask Hoot whether he read

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the plea agreement and understood it. *See* United States v. Portillo, 18 F.3d 290, 293 (5th Cir. 1994).

Hoot first claims that his guilty plea is invalid because the district court failed to comply with FED. R. CRIM. P. 11 by not asking him whether he understood the nature of supervised release and by not advising him that the district court sentencing must consider the sentencing guidelines but may depart from them in certain specified circumstances. The guilty plea is valid because Hoot failed to show a violation of his substantial rights. See United States v. Cuevas-Andrade, 232 F.3d 440, 444 (5th Cir. 2000); United States v. Vasquez-Bernal, 167 F.3d 169, 171 (5th Cir. 1999).

For the first time on appeal, Hoot contends that his sentence was unconstitutionally augumented when a sentencing factor, threatening the death of a victim, was not alleged in his indictment. As Hoot correctly acknowledges, this argument, based on Apprendi v. New Jersey, 530 U.S. 466 (2000), is foreclosed by our decision in United States v. Moreno, 289 F.3d 371 (5th Cir. 2002).

AFFIRMED.