United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-21041

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WORRELL INGRAM, also known as Indian;
ANTHONY ROBINSON, also known as Tony
Marcel Robinson,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-286-2

_____

Before JOLLY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

In September 2000, a grand jury returned a six-count indictment against Worrell Ingram and Anthony Robinson (the "Defendants"), and a third defendant. Robinson and Ingram were both charged in Count 1 with conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana beginning in 1998; in Count 2 with aiding and abetting the possession with intent to distribute 1,000 kilograms or more of marijuana on or about March 1999; in Count 3 with aiding and abetting the possession with

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intent to distribute 100 kilograms or more of marijuana on or about April 8, 1999; and in Count 6 with money laundering beginning in May 1998. In addition, Robinson was charged in Count 4 with aiding and abetting possession with intent to distribute 1,000 kilograms or more of marijuana in May 1999; and in Count 5 with aiding and abetting the possession with intent to distribute 100 kilograms or more of marijuana in November 1999.

At trial, government witnesses testified that Robinson had been under surveillance since 1998. The government presented evidence of a conspiracy to transport drugs from Texas to Philadelphia, and of Robinson and Ingram's involvement in that conspiracy, which was the basis of Count 1. It also presented evidence of three specific incidents in which marijuana was transported from Texas to Philadelphia in March, April and May 1999. These incidents are the basis for Counts 2, 3 and 4, respectively.

A jury convicted Ingram of Counts 1, 3, and 6, and Robinson of Counts 1, 3, 4, and 6; it found both not guilty of Count 2, and Count 5 was dismissed on the government's motion at trial. Ingram was given concurrent sentences of 85 months each on Counts 1, 3, and 6, to be followed by three years of supervised release.[1]

_____

[1]Ingram's Presentence Investigation Report ("PSR") assigned to him a base offense level of 32 under U.S.S.G. § 2D1.1(a)(3)(c)(4), based on the finding that he was accountable for 1,183.4 kilograms of marijuana. There were no recommended enhancements to his base level. Ingram fell into Criminal History Category I, which made his guideline range 121-151 months. The

Robinson was sentenced to 235 months on each of the four counts of conviction, with the sentences to run concurrently.[2] The Defendants have appealed several issues individually and in common, which we take up in order.

Ingram argues that the evidence was insufficient to support his conviction in the Count 1 conspiracy. Yet the government presented strong evidence that a conspiracy existed and that Ingram was a part of it -- including large amounts of cash, the pistol and the telephone records, Ingram's receipt of $45,000 for driving from Houston to Philadelphia, and his help unloading and reloading the vans and trucks, as well as his efforts to secure a "cover load" to hide the marijuana he was transporting. A rational trier of fact could thus have easily found that Ingram was guilty of participating in a conspiracy to distribute drugs.

---

district court found that Ingram was not accountable for the activities charged in Count 2, however, and reduced his total offense level to 28, based on possession of 680 kilograms of marijuana. This adjusted offense level resulted in a guideline range of 78-97 months.

[2]Robinson's PSR found that he was accountable for 5,267.51 kilograms of marijuana and therefore should be assigned a base level of 34. He received a 4-level increase because of his leadership role in the conspiracy, under U.S.S.G. § 3B1.1(a), and a 2-level increase for obstruction of justice, under U.S.S.G. § 3C1.1. Robinson's sentencing level of 40, and his Criminal History Category I, determined that his sentencing guideline range was from 292 to 365 months. The district court, however, found that Robinson was only accountable for 1,865.22 kilograms of marijuana, which reduced his total offense level to 38. This adjusted offense level resulted in a guideline range of 235 to 293 months.

Ingram also argues that he should have been given a mitigating role adjustment to his sentence because he was a minimal or minor participant in the criminal conspiracy. Yet Ingram's transport of marijuana and his efforts to hide his activities indicate an awareness of what he was doing, and his fully supported conviction for money laundering (involving large sums) demonstrates a significant level of participation in the conspiracy. Ingram failed to demonstrate how he was a minimally culpable member of the conspiracy, and consequently the district court did not err in refusing the adjustment.

Robinson argues that the evidence obtained when stopping his car, including the large amount of cash and the incriminating statements he made, should have been suppressed. Yet Robinson was validly stopped for violating a traffic law and voluntarily gave consent to the search of his car. Moreover, the district court suppressed the statements he made to the FBI agent who interviewed him during the stop. Accordingly, we find no error of the district court in its ruling.[3]

Robinson next argues that his base sentencing level should not have had a leadership role adjustment. Yet the government presented strong evidence that fully supports a conclusion that

---

[3]In his reply brief, Robinson questions for the first time the scope of his detention. The government moved to strike this argument, in that issues not raised in an appellant's original brief are considered waived. Smith v. Cockrell, 311 F.3d 661, 679 n.12 (5th Cir. 2002). We carried this motion with the appeal. The motion is GRANTED.

4

Robinson organized shipments of marijuana and directed the actions of other conspiracy members. As such, the district court did not err in applying this base level enhancement.

Robinson also argues that his base sentencing level should not have been adjusted for obstruction of justice. Yet the government presented evidence at his bail hearing that Robinson misled the court as to his source of income. The district court therefore did not clearly err in finding obstruction of justice.

Both Defendants argue that the district court miscalculated the quantity of drugs for which they were accountable. Yet there is sufficient evidence to find Ingram responsible for at least 680 kilograms of marijuana and Robinson for at least 1,865.22 kilograms of marijuana -- indeed, both these figures are lower than the PSRs' findings. The district court did not clearly err in its calculations.

Finally, both Defendants argue that the Sentencing Guidelines violate the Fifth and Sixth Amendments because they put into the hands of a judge determinations that should be made by a jury. The jurisprudence of the Supreme Court and of this Court have rejected the Defendants' argument. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); United States v. Moreno, 289 F.3d 371, 372-73 (5th Cir. 2002). Accordingly, the district court did not unconstitutionally enhance the Defendants' sentences.

In sum, we have carefully considered this appeal in the light of the briefs, oral arguments, and the relevant parts of the record. Having done so, we can find no reversible error. In addition, we GRANT the government's motion to strike the first issue in Robinson's reply brief.

AFFIRMED; MOTION GRANTED.