United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-20615
_____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee

                  versus

ANTHONY ROBINSON, also known as Tony
Marcel Robinson,

                              Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-286-1

_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JONES, Chief Judge, JOLLY and PRADO, Circuit Judges.

PER CURIAM:[1]

     This court affirmed Anthony Robinson's conviction and sentence. <u>United States v. Ingram</u>, 96 Fed. Appx. 946 (2004). The Supreme Court vacated and remanded for further consideration in the light of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). <u>Robinson v. United States</u>, 125 S. Ct. 1093 (2005). We requested and received supplemental letter briefs addressing the impact of <u>Booker</u>.

_____

     [1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Robinson was convicted of marijuana offenses and conspiracy to launder money. His sentence was enhanced based on the quantity of drugs involved in the offenses, his leadership role in the conspiracy, and obstruction of justice.

Robinson filed written objections to the PSR, contending that his base offense level had been based on drug amounts that had not been proven beyond a reasonable doubt. He also objected to the enhancements for his leadership role and for obstruction of justice, on the ground that there was insufficient evidence to support those enhancements. In addition, he objected that the statutes of conviction, 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B), are unconstitutional as a result of Apprendi v. New Jersey, 530 U.S. 466 (2000).

At the sentencing hearing, Robinson's counsel stated, in response to the court's comment about consideration of evidence as to an acquitted count:

> I want to be clear for the record, Your Honor. I think we stated this in our brief. I expect that the Supreme Court, given certain things that were said in some of the various Apprendi opinions, may change that. I want to be clear that we're asking for it to apply reasonable doubt standard with respect to any quantity issues. I know what the law in the Fifth Circuit is right now. We are hoping that will change at some point.

Robinson's counsel also objected to the enhancements for leadership role and obstruction of justice, and argued that the Government had the burden of proving the applicability of those enhancements

2

beyond a reasonable doubt rather than by a preponderance of the evidence.

The district court found that the enhancements for leadership role and obstruction of justice applied, but lowered the drug quantity determined by the PSR. Pursuant to Robinson's request, the district court found that Robinson's leadership role had been established beyond a reasonable doubt. The district court determined the guideline imprisonment range to be 235 to 293 months, and sentenced Robinson to 235 months in prison, commenting that "I do think this is a very stiff range."

In his supplemental brief, Robinson argues that the district court erred when it applied the Sentencing Guidelines as mandatory rather than advisory and sentenced Robinson above the sentencing range supported by the jury verdict and Robinson's criminal history. He contends that he properly preserved this issue by challenging the sufficiency of the evidence supporting the enhancements, and by arguing that the enhancements had to be proved beyond a reasonable doubt. Robinson also contends that the district court plainly erred by failing to consider the factors set forth in 18 U.S.C. § 3553(a).

The Government counters that Robinson's objections in the district court are insufficient to preserve a Booker claim, because although Robinson objected that the statutes of conviction are unconstitutional after Apprendi because drug type and quantity are elements of the offense, he did not object that the Guidelines are

3

unconstitutional under _Apprendi_'s reasoning or that the Sixth Amendment and/or _Apprendi_ require that enhancements for drug quantity, leadership role, and obstruction of justice be proved to a jury. Furthermore, the Government asserts that although Robinson objected to the standard of proof at sentencing regarding drug quantity and the leadership role enhancement, he wanted the court -- not the jury -- to determine those increases beyond a reasonable doubt rather than by a preponderance of the evidence.

To preserve _Booker_ error, a defendant need not mention the Sixth Amendment, _Apprendi_, or _Blakely v. Washington_, 542 U.S. 296 (2004). However, the defendant must "adequately apprise[] the court that he was raising a constitutional error." _United States v. Olis_, 429 F.3d 540, 544 (5th Cir. 2005). The argument must be couched in terms that the facts used to enhance the sentence were not proved to a jury beyond a reasonable doubt. Under our precedent, Robinson's objections, although less than pellucid, adequately apprised the district court that he was raising a constitutional error under _Apprendi_. _See_ _United States v. Akpan_, 407 F.3d 360, 376, 377 (5th Cir. 2005) (objection to calculation of range of financial loss on ground that figure had not been proven at trial, and objection that district court should confine its determination of loss to amount alleged in indictment "adequately apprised the district court that [defendant] was raising a Sixth Amendment objection to the loss calculation because the government did not prove to the jury beyond a reasonable doubt that the loss

4

was between five to ten million dollars"); see also United States v. Olis, 429 F.3d 540, 544 (5th Cir. 2005) (defendant preserved Booker error when objecting to district court's loss calculation by alerting "the court to cases that acknowledged the potential for a constitutional violation when sentencing facts are not found by at least clear and convincing evidence"); United States v. Pineiro, 410 F.3d 282, 283-85 (5th Cir. 2005) (defendant's Apprendi-based objection to PSR's drug-quantity calculations was sufficient to preserve his Booker claim).

When, as here, a defendant preserves Booker error, "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir.), cert. denied, 126 S.Ct. 43 (2005). The Government bears the "burden of demonstrating that the error was harmless by demonstrating beyond a reasonable doubt that the federal constitutional error of which [Robinson] complains did not contribute to the sentence that he received." United States v. Pennell, 407 F.3d 360, 377 (5th Cir. 2005). The Government argues that any error is harmless, because the sentence that Robinson received is reasonable. The Government has not met its burden of proof -- it has not pointed to any evidence in the record or statements by the district court that would prove beyond a reasonable doubt that the district court would have imposed the same sentence had it acted under an advisory Guidelines regime.

5

For the foregoing reasons, we VACATE Robinson's sentence and REMAND the case to the district court for resentencing.

VACATED and REMANDED.