United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-40618
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

J. GUADALUPE DELGADO-RAMIREZ, also known as Zeferino Bazaldua-
Ramirez,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-868-3
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

    J. Guadalupe Delgado-Ramirez appeals the 60-month sentence

imposed following his guilty plea conviction for possession of

marijuana with intent to distribute.  Delgado-Ramirez argues that

the district court did not properly describe the terms of his

appeal waiver in his plea agreement and, thus, it was not

knowingly and voluntarily executed and does not bar his appeal.

    The district court's statement during rearraignment that

Delgado-Ramirez could appeal an "illegal sentence" indicated that

————————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there may have been exceptions to the waiver other than those specifically stated. The district court did not review the actual provisions of the waiver with Delgado-Ramirez and only ascertained that Delgado-Ramirez understood an incorrect summarization of the terms of the waiver provision in his plea agreement. A district court must ascertain that a defendant understands provisions in his plea agreement waiving the right to appeal. FED. R. CRIM. P. 11(b)(1)(N). In light of the district court's Rule 11 error, it cannot be said that Delgado-Ramirez knowingly waived the right to challenge his conviction or sentence, and, therefore, his appeal waiver does not bar the instant appeal. See United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999).

Delgado-Ramirez argues that the district court erred in increasing his offense level by two levels pursuant to U.S.S.G. § 3B1.1(c) based on his having a supervisory role in the offense. He argues that it precluded him from qualifying for the application of the safety valve provision.

A sentencing court's determination that a defendant played a leadership or supervisory role is a factual finding reviewable only for clear error. United States v. Parker, 133 F.3d 322, 329-30 (5th Cir. 1998). Relevant factors in determining a defendant's role in the offense are "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right

to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, comment. (n.4). The district court's findings reflect that Delgado-Ramirez was responsible for recruiting accomplices to the offense, that he participated in the planning of how the offense would be carried out and that he directed the others involved in the offense. Delgado-Ramirez has not rebutted this evidence reflecting Delgado-Ramirez's supervisory role in the offense. See id. The district court did not clearly err in making an adjustment for Delgado-Ramirez's supervisory role in the offense. Parker, 133 F.3d at 329-30.

AFFIRMED.