# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2011

No. 09-40766

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

HECTOR RAMIREZ, JR.,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-759-2; No. 5:09-CV-4

Before BARKSDALE, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Hector Ramirez Jr., federal prisoner # 79732-179, appeals the district court's dismissal of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. We affirm.

## I.

Ramirez pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana and more than five kilograms of cocaine. The plea agreement,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40766

which Ramirez signed and dated on July 25, 2007, contained the following paragraph, titled "Waiver of Appeal":

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any ground set forth in Title 18 U.S.C. § 3742.  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding, including but not limited to Title 28, U.S.C. §§ 1651, 2241 and 2255.

(emphasis omitted).  On the same day, Ramirez also signed and dated the following addendum to the plea agreement:

> I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.  My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.  I have read and carefully reviewed every part of this plea agreement with my attorney.  I understand this agreement and I voluntarily agree to its terms.

On August 7, 2007, Ramirez was rearraigned by the Magistrate Judge assigned to the case.  At the rearraignment, the Magistrate Judge confirmed that Ramirez had reviewed and signed the plea agreement.  The Magistrate Judge also admonished Ramirez with respect to the waiver-of-appeal provision in the plea agreement:

> THE COURT:   I will also remind . . . you that you are waiving your right to an appeal. . . . [D]o you understand that by waiving your right to appeal you can no longer argue your case to another Court?  Mr. Ramirez?
>
> DEFENDANT:   Yes, ma'am.

No. 09-40766

The Magistrate Judge reported the guilty plea to the district court and recommended that the district court accept the plea. Neither party objected to the recommendation, and the district court accepted the plea and sentenced Ramirez to 210 months of imprisonment and five years of supervised release. Ramirez did not take a direct appeal.

In January 2009, Ramirez filed the instant motion challenging his sentence under 28 U.S.C. § 2255. The district court dismissed the motion with prejudice, finding, among other things, that (1) Ramirez's waiver in the plea agreement of his right to collateral relief was knowing and voluntary; and (2) his claims that he was denied due process and effective assistance of counsel in connection with his sentencing were barred by his waiver of collateral relief. Ramirez appealed, and we issued a Certificate of Appealability (COA) with respect to "whether Ramirez knowingly and voluntarily waived the right to pursue relief under § 2255."[1]

## II.

We review de novo whether a waiver provision in a plea agreement bars an appeal. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).

"A defendant may waive his statutory right to appeal if the waiver is knowing and voluntary." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (citing *United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999)); *see also United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) ("To be valid, a defendant's waiver of his right to appeal must be informed and voluntary. A defendant must know that he had a 'right to appeal his sentence and that he was giving up that right.'") (citation omitted).

---

[1] "We have jurisdiction to address only the issue specified in the COA. To the extent that [Ramirez] raises other issues, we do not address them." *United States v. Daniels*, 588 F.3d 835, 836 n.1 (5th Cir. 2009) (per curiam) (citation omitted).

No. 09-40766

> [W]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal.

*McKinney*, 406 F.3d at 746 (quoting *Portillo*, 18 F.3d at 293).

We are satisfied that, on the basis of the record, Ramirez's waiver in the plea agreement of his right to collateral relief was knowing and voluntary. At the hearing, the Magistrate Judge confirmed that Ramirez had reviewed and signed the plea agreement, which included an explicit, unambiguous waiver of collateral relief. Although the Magistrate Judge did not ask Ramirez if he understood the plea agreement, Ramirez signed an addendum to the plea agreement that provided that he had read and carefully reviewed every part of his plea agreement with his attorney, that he understood the agreement, and that he entered into the agreement voluntarily. In addition, the Magistrate Judge informed Ramirez that in agreeing to plead guilty, he would be "waiving [his] right to an appeal" such that he could "no longer argue [his] case to another Court." This phrasing necessarily includes both direct and collateral attacks, and it is consistent with the structure of the plea agreement, which places the waiver-of-collateral-relief language within a paragraph entitled "Waiver of Appeal." *Cf. United States v. Delgado-Ramirez*, 236 F. App'x 983, 984 (5th Cir. 2007) (unpublished) (finding that a waiver of appeal is unknowing and involuntary when the district court mischaracterizes the waiver provision). Lastly, we find that at no point during the rearraignment did Ramirez or his attorney raise a question or express any confusion about the waiver-of-appeal provision, and Ramirez did not object to the Magistrate Judge's report and recommendation to the district court.

On this record, therefore, we find that Ramirez's waiver of his right to collateral relief was knowing and voluntary, and thus it bars his claims that he

was denied due process and effective assistance of counsel in connection with his sentencing. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (holding that "as a general matter . . . an informed and voluntary waiver of post-conviction relief [under § 2255] is effective to bar such relief," although "[s]uch a waiver may not always apply to a collateral attack based upon ineffective assistance of counsel") (citation omitted); *cf. United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ("[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself.").

Ramirez cites to several decisions in support of his argument that his waiver was unknowing and involuntary. *See United States v. Rodriguez*, 98 F. App'x 355, 356 (5th Cir. 2004) (unpublished) (holding that a waiver that is not mentioned during rearraignment "cannot be held to have been knowing and voluntary"); *United States v. Hoot*, 86 F. App'x 16, 16 (5th Cir. 2004) (unpublished) (same). These cases are inapposite, however, because they involve situations where the waiver was not even mentioned during the defendant's rearraignment.

Accordingly, we affirm the decision of the district court.

AFFIRMED.