# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-50574
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Dalia Valencia,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-228-10

———————————————————————

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Dalia Valencia, federal prisoner # 59005-380, appeals the denial of her motion to reconsider a previous denial in 2020 of a motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which was, in actuality, a new motion for compassionate release. We review a district

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court's decision to deny a § 3582(c)(1)(A)(i) motion for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Valencia argues that new medical conditions constitute extraordinary and compelling reasons for relief. She also contends that the district court erred in determining, in its consideration of the 18 U.S.C. § 3553(a) factors, that her release from prison would not accomplish the goal of affording adequate deterrence. She concedes that the charges against here were serious, but she argues that her lack of criminal history before her incarceration, her age, her rehabilitation while in prison, and her service of more than six years of her sentence indicate that recidivism is unlikely. She also contends this court should compel the Bureau of Prisons (BOP) to deduct newly earned time credit from her sentence due to the First Step Act. In her reply brief, she additionally contends for the first time that any potential public safety concerns would be alleviated due to her likely deportation upon her release. However, we generally do not consider arguments raised for the first time in a reply brief. *See United States v. Rodriguez*, 602 F.3d 346, 360-61 (5th Cir. 2010).

Valencia's arguments challenging the district court's assessment of the § 3553(a) factors amount to no more than a disagreement with the district court's balancing of these factors, which is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 694. Because the district court did not abuse its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider Valencia's arguments regarding the existence of extraordinary and compelling circumstances. *See United States v. Jackson*, 27 F.4th 1088, 1093 & n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021). Additionally, although Valencia seeks to require the BOP to apply sentence credits, a 28 U.S.C. § 2241 petition, rather than a § 3582(c)(1)(A)(i) motion, is the appropriate mechanism for seeking such

No. 22-50574

relief. *See* § 3582(c)(1)(A)(i); *Henderson v. Haro*, 282 F.3d 862, 863 (5th Cir. 2002).

AFFIRMED.