IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60229
(Summary Calendar)

_____

DONALD HOOKER,

Petitioner-Appellant,

versus

J.L. SIVLEY, Federal Correctional Institution,
United States Department of Justice,
Federal Bureau of Prisons, Talladega, Alabama,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi

--------------------
September 20, 1999

Before POLITZ, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Donald Hooker (federal prisoner #09595-042) appeals the denial of his 28 U.S.C. § 2241 petition, which was treated by the district court as a 28 U.S.C. § 2255 motion and dismissed as time-barred under that sections's one-year limitations period. Hooker argues that the district court violated his constitutional rights in construing his § 2241 petition as a § 2255 motion and dismissing it as time-barred. He contends that he should have been allowed to proceed under § 2241 because § 2255 offers an "inadequate and ineffective" remedy in his case.

In his § 2241 petition, Hooker raised, among other things, several challenges to his conviction under 18 U.S.C. § 924(c)(1)

for aiding and abetting the using and carrying of a firearm during and in relation to a drug-trafficking crime. He included a claim that he was "actually innocent" of the offense in light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). In 1993, prior to the Supreme Court's decision in Bailey, Hooker unsuccessfully sought post-conviction relief under § 2255. After Bailey was rendered, Hooker sought leave from us to file a successive § 2255 motion, insisting that his § 924(c)(1) conviction should be reversed in light of that decision. We denied him leave to appeal because his claim did not involve newly discovered evidence or a new rule of constitutional law.

Hooker subsequently filed the instant § 2241 petition in the U.S. District Court for the Northern District of Alabama, the district in which he is confined. The record shows that the petition was transferred administratively, without a judicial order, from the Northern District of Alabama to the Northern District of Mississippi, the district court in which Hooker was convicted. As previously stated, the district court for the Northern District of Mississippi construed Hooker's petition as a § 2255 motion and dismissed it as time-barred under that section's one-year limitations period. Although § 2255 is the proper vehicle for challenging the validity of a conviction and sentence, see United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994), the district court lacked jurisdiction to construe Hooker's petition as a § 2255 motion because he had not received prior authorization from us to file a successive § 2255 motion. See 28 U.S.C. §§ 2244,

2

2255; <u>United States v. Rich</u>, 141 F.3d 550, 551 (5th Cir. 1998), <u>cert. denied</u>, 119 S. Ct. 1156 (1999). The district court likewise lacked jurisdiction to entertain Hooker's pleading as a § 2241 petition: Such a petition must be filed in the district where the prisoner is incarcerated. <u>See</u> <u>United States v. Weathersby</u>, 958 F.2d 65, 66 (5th Cir. 1992). As Hooker is incarcerated in Talladega, Alabama, only the district court for the Northern District of Alabama would have jurisdiction to entertain his § 2241 petition. <u>See</u> 28 U.S.C. § 81(a)(4).

As noted, Hooker alleged in his petition that he is seeking relief under § 2241 because § 2255 offered an "inadequate and ineffective" remedy in his case. He pointed out that he could not have presented his claim of "actual innocence" under <u>Bailey</u> in his first § 2255 motion because <u>Bailey</u> had not been decided at that time. He also contended that he is prohibited from raising his <u>Bailey</u> claim in a second § 2255 motion because he is unable to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA) that govern the filing of successive § 2255 motions. Hooker advances that same argument on appeal.

Hooker's argument is based on the "savings clause" of § 2255, under which a prisoner may seek § 2241 relief in lieu of § 2255 relief if he can establish that "the remedy provided for under § 2255 is inadequate or ineffective to test the legality of his detention." <u>See</u> <u>Cox v. Warden, Fed. Detention Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citation omitted); § 2255. We have not had occasion to address whether a prisoner may

3

use the "savings clause" of § 2255 to raise a Bailey claim in a § 2241 petition to circumvent the successive requirements established by the AEDPA. See United States v. Sorrells, 145 F.3d 744, 748 n.2 (5th Cir. 1998). Some circuits have allowed prisoners to do so under these circumstances. See, e.g., In re Davenport, 147 F.3d 605, 611-12 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361, 377-80 (2d Cir. 1997); In re Dorsainvil, 119 F.3d 245, 248-52 (3d Cir. 1997). Recently, the Eleventh Circuit, the circuit in which Hooker's application was originally filed, adopted the Seventh Circuit's approach in Davenport as it pertains to Bailey claims, even though it did so in a case in which no Bailey issue was raised. See Wofford v. Scott, 177 F.3d 1236, 1244 & n.3 (11th Cir. 1999).

In his § 2241 petition, Hooker cites the Second Circuit's decision in Triestman and the Third Circuit's decision in Dorsainvil in support of his argument that he was entitled to seek habeas relief under § 2241. Hooker did not, however, obtain a judicial determination regarding his ability to proceed under § 2241; rather, his petition was administratively transferred by the clerk's office to the Northern District of Mississippi.

A clerk of court may not reject a pleading for lack of conformity with requirements of form; only a judge may do that. See McClellon v. Lone Star Gas Co., 66 F.3d 98, 101 (5th Cir. 1995). If a clerk of court may not reject a pleading for defects of form, it follows a fortiori that a clerk of court may not reject a pleading on substantive grounds, which is essentially what

4

occurred in the instant case.  Hooker is entitled to a judicial determination whether he may proceed under § 2241, and that determination can only be made in the district where he is incarcerated.  See Weathersby, 958 F.2d at 66.  Accordingly, the district court's judgment is vacated, and Hooker's case is remanded to the district court with instructions to transfer the case back to the U.S. District Court for the Northern District of Alabama.  VACATED AND REMANDED.