IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 99-41421
Conference Calendar

ROY PERKINS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA; JANET RENO,
U.S. Attorney General;
JONATHAN DOBRE, Warden,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CV-435
--------------------
June 13, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Roy Perkins, Jr., # 25970-077, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. After having been denied 28 U.S.C. § 2255 relief and having been denied permission to file a successive § 2255 motion, Perkins once again sought to challenge the factual basis of his guilty plea to carrying a firearm during and in relation to a drug-trafficking crime, 18 U.S.C. § 924(c)(1)-(2). The district court held that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2241 was not available to Perkins because he had already challenged his conviction under the "carry" prong in a prior § 2255 motion.

Perkins argues that § 2255 is an inadequate and ineffective remedy and that he should be allowed to bring his claim in a § 2241 habeas petition. In Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999), this court recognized that other circuits have allowed prisoners to use the "savings clause" of § 2255 to raise a Bailey[**] claim in a § 2241 petition to circumvent the successive requirements of the AEDPA. See In Re: Davenport, 147 F.3d 605, 611-12 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361, 377-80 (2d Cir. 1997); In Re: Dorsainvil, 119 F.3d 245, 248-52 (3d Cir. 1997).

Perkins' case is distinguishable. Perkins has had the opportunity to raise his Bailey claim in a § 2255. The district court granted § 2255 relief to Perkins and entered an order of acquittal as to the "use" prong of his conviction, but denied relief as to the "carry" prong. On appeal, this court held that Bailey did not affect his claim under the "carry" prong, which Perkins could have raised on direct appeal. United States v. Perkins, No. 96-11457 (5th Cir. Jan. 23, 1998) (unpublished). In Hooker and the cases cited therein, Bailey was decided after the prisoners' first § 2255 proceedings were completed, and they were barred from bringing the claim in a successive § 2255 motion by the AEDPA. Perkins raised his Bailey claim in his first

---

[**] Bailey v. United States, 516 U.S. 137 (1995).

§ 2255 motion.  He has not been deprived of the opportunity to present his claims.

The district court's dismissal of Perkins' § 2241 petition is AFFIRMED.  Perkins is warned that any further attempts to attack his conviction that do not meet the criteria for filing a successive § 2255 motion will be sanctioned.