IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60226
Summary Calendar

_____

EDWARD LEE SHULTS,

Petitioner-Appellant,

versus

KHURSHID Z. YUSUFF,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
USDC No. 5:00-CV-27

_____

September 21, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Edward Lee Shults, federal prisoner # 20658-077, appeals the
district court's dismissal of 28 U.S.C. § 2241 petition.  He argues
that he is actually innocent of the 18 U.S.C. § 924(c) offense of
using and carrying a firearm in relation to a crime of violence in
view of Bailey v. United States, 516 U.S. 137 (1995).  Shults has
not shown that the district court erred in dismissing his § 2241
petition because he is challenging the validity of his conviction,
rather than the manner in which his sentence is being executed.

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Shults has not shown that a 28 U.S.C. § 2255 motion is inadequate or ineffective for challenging the validity of his § 924(c) conviction. See Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Shults has not shown that the district court erred in holding that to the extent his petition should be construed as a § 2255 motion, the district court lacked jurisdiction to consider it. See § 2255; Solsona v. Warden, 821 F.2d 1129, 1132 (5th Cir. 1987)(a § 2255 motion must be filed in the district court which imposed the sentence); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999)(a § 2241 petition must be filed in the district where the prisoner is incarcerated).

For the first time on appeal, Shults argues that he is actually innocent of the 18 U.S.C. § 1958 offense of using interstate commerce facilities in the commission of murder for hire. Such a claim challenging the validity of Shults' § 1958 conviction must be raised in a § 2255 proceeding, not in a § 2241 petition. See Tolliver, 211 F.3d at 877.

A F F I R M E D.