United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11454
Conference Calendar

JAMES EUGENE TAYLOR,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA; K. J. WENDT, Warden,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-1865-P
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     James Eugene Taylor, federal prisoner # 31419-077, appeals

the denial of his 28 U.S.C. § 2241 petition, in which he alleged

that the Government had failed to disclose exculpatory evidence

in securing his conviction in the Northern District of Texas.

Taylor argues that the district court erred in denying his

petition.  In an appeal from the denial of habeas relief, this

court reviews the district court's findings of fact for clear

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error and issues of law de novo. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir. 2001).

A petition filed under 28 U.S.C. § 2241 which attacks errors that occurred at trial or sentencing should be dismissed or construed as a motion under 28 U.S.C. § 2255. <u>Id.</u>; <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000). Taylor's 28 U.S.C. § 2241 petition challenged his conviction, rather than attacking the manner in which his sentence was being executed. Taylor has not shown that the remedy provided under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. <u>See</u> <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir. 2001). Further, the district court lacked jurisdiction to construe Taylor's petition as a successive motion under 28 U.S.C. § 2255. <u>See</u> <u>Hooker v. Sivley</u>, 187 F.3d 680, 681-82 (5th Cir. 1999). The district court's judgment denying Taylor's petition is AFFIRMED.