**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**December 1, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10674
Summary Calendar

_____

TONY ROBERT DAVIS,

Petitioner-Appellant,

versus

K. J. WENDT,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-466-N
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Tony Robert Davis, federal prisoner no. 68917-080, appeals the dismissal of his 28 U.S.C. § 2241 petition, in which he alleged that the Government had failed to disclose exculpatory evidence in securing his conviction on eight counts of conspiracy, wire fraud, travel and transportation of securities for fraudulent purposes, and money laundering.  See United States v. Davis, 226 F.3d 346, 348 (5th Cir. 2000).  Davis argues that the district court erred in dismissing his petition.  This court reviews the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings of fact for clear error and issues of law de novo. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

A petition filed under 28 U.S.C. § 2241 which attacks errors that occurred at trial or sentencing should be dismissed or construed as a motion under 28 U.S.C. § 2255. Id.; Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Davis's 28 U.S.C. § 2241 petition challenged his conviction, rather than attacking the manner in which his sentence was being executed. Davis has not shown that the remedy provided under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). Further, the district court lacked jurisdiction to construe Davis's petition as a successive motion under 28 U.S.C. § 2255. See Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999). The district court's judgment dismissing Davis's petition is AFFIRMED.