United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10842
Conference Calendar

_____

ALFREDO ALVAREZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-327
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alfredo Alvarez, federal prisoner # 30170-077, appeals the

dismissal of his 28 U.S.C. § 2241 petition for lack of

jurisdiction because it was not filed in the district of his

incarceration. Alvarez argues that he should be allowed to

proceed under 28 U.S.C. § 2241 because the 28 U.S.C. § 2255

remedy is inadequate to raise his Bailey v. United States, 516

U.S. 137 (1995) claim. He argues in the alternative that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court should have construed his petition as an amendment to his initial § 2255 motion.

A § 2241 petition must be filed in the district where the prisoner is incarcerated; as the sentencing court, the district court indeed lacked jurisdiction to entertain Alvarez's pleading as a § 2241 petition. Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999). Alvarez's pleading challenged his conviction and sentence based on errors that allegedly occurred during the criminal proceedings; these claims should have been brought in a § 2255 proceeding. Davis v. Fechtel, 150 F.3d 486, 490 (5th Cir. 1998). Alvarez has already unsuccessfully sought § 2255 relief, and, therefore, the instant pleading, which raised claims that were or could have been raised in a prior motion, was successive. United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Alvarez had not received prior permission from us to file a successive § 2255 motion; consequently, the district court was without jurisdiction to construe his petition as a § 2255 motion. Hooker, 187 F.3d at 681-82. The dismissal for lack of jurisdiction was therefore appropriate.

Finally, Alvarez's contentions that (1) the district court erred in withdrawing the 28 U.S.C. § 636(b) reference of his case to the magistrate judge; (2) the district court abused its discretion in denying him an evidentiary hearing; (3) his § 2241 petition was supported by facts which demonstrate his entitlement to relief; and (4) the district court abused its discretion in

failing to consider the merits of his claims are inadequately briefed and are therefore waived.  See <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993).

AFFIRMED.