# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50537
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 29, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WAYNE ALLEN BLEDSOE, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:93-CR-111-2

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Wayne Allen Bledsoe, Jr., federal prisoner # 60866-080, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 52(b). The district court denied his IFP motion and certified that the appeal was not taken in good faith. By moving for IFP status,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50537

Bledsoe is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Although Bledsoe styled his motion as falling under Rule 52(b), it is the essence of a pro se prisoner's pleading, rather than the label attached to it, that controls how that pleading is characterized. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). As federal courts are courts of limited jurisdiction, Bledsoe must have statutory authority for the filing of his motion. *See Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).

Bledsoe's motion was not properly brought pursuant to Rule 52(b) because that rule does not set forth a procedural mechanism for challenging a conviction or sentence. *See* FED. R. CRIM. P. 52(b). Had his motion been construed as a 28 U.S.C. § 2255 motion, the district court would have lacked jurisdiction to consider it because he had previously filed a § 2255 motion and we have not authorized him to file a successive § 2255 motion. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999); 28 U.S.C. § 2244(b)(3)(A). Further, Bledsoe's claims were not based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and his claims were not foreclosed by circuit law at the time of his trial, direct appeal, or first § 2255 motion. Consequently, his motion could not have been construed as a 28 U.S.C. § 2241 petition brought via the savings clause of § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although 18 U.S.C. § 3582(c) allows a district court to modify a sentence under certain narrow circumstances, none of those circumstances are applicable to Bledsoe's motion. *See* § 3582(c). He was also precluded from obtaining relief under 18 U.S.C. § 3742, as relief thereunder is reserved only for direct appeals. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Finally, Bledsoe's motion did not qualify as a writ of coram nobis or audita

querela. *See United States v. Miller*, 599 F.3d 484, 489 (5th Cir. 2010); *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996).

Bledsoe's motion was, in essence, a meaningless, unauthorized motion which the district court was without jurisdiction to entertain. *See Early*, 27 F.3d at 142. Because he has failed to show that the instant appeal involves legal points arguable on their merits, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), Bledsoe's IFP motion is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.