# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40364
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER HUGO PEREZ, also known as El Vecino,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2897

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Javier Hugo Perez, federal prisoner # 31562-279, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his post-conviction motion to dismiss the indictment. The district court denied Perez's IFP motion and certified that the appeal was not taken in good faith. By moving for IFP status, Perez is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40364

Perez must have statutory authority for the filing of his motion to dismiss the indictment. *See Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Had Perez's motion been construed as a 28 U.S.C. § 2255 motion, the district court would have lacked jurisdiction to consider it because he had previously filed a § 2255 motion and we have not authorized him to file a successive § 2255 motion. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999); 28 U.S.C. § 2244(b)(3)(A). Further, Perez's jurisdictional challenge to the indictment was not a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion," and consequently, his motion could not have been construed as a 28 U.S.C. § 2241 petition brought via the savings clause of § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although 18 U.S.C. § 3582(c) allows a district court to modify a sentence under certain narrow circumstances, none of those circumstances were implicated by Perez's motion to dismiss the indictment. See § 3582(c). He was also precluded from obtaining relief under 18 U.S.C. § 3742, as relief thereunder is reserved only for direct appeals. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Finally, Perez's motion did not qualify as a writ of coram nobis or a writ of audita querela. *See United States v. Miller*, 599 F.3d 484, 489 (5th Cir. 2010); *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996).

Perez's motion to dismiss the indictment did not fall into a recognized category of post-conviction motions, and therefore it was, in essence, "a meaningless, unauthorized motion" which the district court was without jurisdiction to entertain. *See Early*, 27 F.3d at 142. Because he has failed to

show that the instant appeal involves legal points arguable on their merits, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), Perez's IFP motion is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.