# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41388
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2017

Lyle W. Cayce
Clerk

GREGORY A. MILTON,

Petitioner-Appellant

v.

CHARLES A. DANIELS, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-14

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gregory Allan Milton appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. Milton argues that the provisions of 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b) are unconstitutional and that his petition meets the savings clause of § 2255. He maintains that *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), has no application to his § 2241 petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41388

As federal courts are courts of limited jurisdiction, Milton must have statutory authority for the filing of his motion. *See Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). "Absent jurisdiction conferred by statute, district courts lack power to consider claims." *Id.*

Milton's arguments are unavailing. As noted by the district court, had Milton's pleading been construed as a § 2255 motion, the district court would have lacked jurisdiction to consider it because Milton had been convicted and sentenced in the U.S. District Court for the Western District of Virginia and because it would have been an unauthorized successive § 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999); § 2244(b)(3)(A). In addition, based on the claims contained therein, Milton's motion could not have been construed as a § 2241 petition under the savings clause of § 2255. *See Reyes-Requena*, 243 F.3d at 904. Finally, Milton has not shown any basis in circuit law for the argument that the *Reyes-Requena* test is inapplicable to the instant petition.

AFFIRMED.