# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60165
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
April 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES FRANKLIN PUTNAM, also known as Tony Martinez, also known as
Bobby Spiers, also known as Bob Watson,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:97-CR-3-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

James Franklin Putnam appeals the district court's denial of his petition
for a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651(a).  Putnam has
completed his term of imprisonment but is still serving the five-year term of
supervised release imposed following his guilty plea conviction of hostage
taking in violation of 18 U.S.C. § 1203.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-60165

At all times, this court must be assured of its jurisdiction and the district court's jurisdiction. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Because Putnam is still subject to an unexpired term of supervised release, he is "in custody" and ineligible for *coram nobis* relief. *See United States v. Scruggs*, 691 F.3d 660, 662 n.1 (5th Cir. 2012); *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004). Because Putnam is challenging his federal conviction, the district court should have construed his petition as a 28 U.S.C. § 2255 motion. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). The district court, however, lacked jurisdiction to do so because Putnam previously filed a § 2255 motion, and this court did not authorize the filing of a successive § 2255 motion. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999); 28 U.S.C. § 2244(b)(3)(A). The district court's judgment is therefore AFFIRMED on the alternative ground that the district court lacked jurisdiction to consider Putnam's petition. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). All pending motions are DENIED.