# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30292
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2017

Lyle W. Cayce
Clerk

JIMMY TORRES,

Petitioner-Appellant

v.

T. G. WERLICH, Warden, Federal Correctional Institution, Pollock,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-2337

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jimmy Torres, federal prisoner # 93181-280, appeals the dismissal of his
28 U.S.C. § 2241 petition. In his petition, he challenged the total term of
180 months of imprisonment imposed following his conviction for possession of
a firearm by a prohibited person, possession of a firearm by an illegal alien,
and 31 counts of making a false statement during the purchase of a firearm.
Torres argues that the district court's imposition of consecutive terms of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

imprisonment renders his sentence unconstitutional.  He also contends that his petition meets the requirements of the savings clause of 28 U.S.C. § 2255(e).

Torres's argument is a collateral attack of a federal sentence.  Section 2255 is the primary mechanism for bringing such a claim.  *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).  However, had his pleading been construed as a § 2255 motion, the district court would have lacked jurisdiction to consider it because Torres was convicted and sentenced in the United States District Court for the Western District of Texas and he filed the pleading in the Western District of Louisiana.  § 2255(a), (e).  Also, it would have been an unauthorized successive § 2255 motion.  *See Leal Garcia v. Quarterman,* 573 F.3d 214, 220 (5th Cir. 2009); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999); § 2244(b)(3)(A).

A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause if the petitioner establishes that the § 2255 remedy is "inadequate or ineffective" to test the legality of his detention.  § 2255(e); *see Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  To make this showing, Torres must establish that his claims are based on a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a nonexistent offense, and his claims were foreclosed by circuit law at the time of his trial, direct appeal, or first § 2255 motion.  *See Reyes-Requena*, 243 F.3d at 904.  Torres has failed to make the requisite showing.

AFFIRMED.