# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2018

Lyle W. Cayce
Clerk

No. 17-30823
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER FRANK,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:98-CR-207-7

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Christopher Frank, federal prisoner # 01160-748, appeals the denial of his motion urging the district court "to ask the United States Attorney Office to exercise their discretion to agree to an order vacating [his drug conspiracy conviction and resulting life sentence] based upon several changes in the law" so that he could be resentenced. As explained below, Frank's motion was a "meaningless, unauthorized motion" that lacked any jurisdictional basis. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30823

*United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994); *see also Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994) ("Absent jurisdiction conferred by statute, district courts lack power to consider claims.").

A district court's power to correct or modify a criminal sentence "is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b)." *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997); *see* § 3582(b), (c). Of the available avenues for relief, Federal Rule of Criminal Procedure 35 does not apply here, as Frank's motion and circumstances do not fit within any of the provisions of that rule. The motion likewise could not have been filed pursuant to either 18 U.S.C. § 3742 or § 3582(c). Regarding § 3742, Frank's direct appeal ended in 2003. As to § 3582(c), Frank, not the Bureau of Prisons, filed the motion seeking the exercise of prosecutorial discretion, and he did not base his request for relief on any retroactive amendment to the Sentencing Guidelines. Finally, to the extent Frank's motion attacked errors at sentencing, the district court did not have jurisdiction to construe the motion as a 28 U.S.C. § 2255 motion because Frank previously filed an unsuccessful § 2255 motion and he has not obtained authorization from this court to file a second or successive § 2255 motion. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).

In addition, Frank's motion did not qualify as a writ of audita querela as his arguments are premised on "[p]urely equitable grounds for relief," which "do not justify the issuance of [the] writ." *United States v. Miller*, 599 F.3d 484, 488 (5th Cir. 2010).

Frank does not assert that his motion was brought under any of the above-discussed categories of postconviction motions or the writ. Rather, he contends that he is eligible for relief under *United States v. Holloway*, 68

F. Supp. 3d 310 (E.D.N.Y. 2014), and argues that the Government has the prosecutorial discretion to agree to an order vacating his conspiracy conviction and reducing his life sentence. However, *Holloway* is not binding on this court, and the facts of Frank's case are sufficiently distinguishable from those at issue in *Holloway* so as to render it inapplicable. *See id.* at 311-14 & n.2.

The judgment of the district court is AFFIRMED.