# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-60364
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesse M. Skinner,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:02-CR-93-1

_____

Before Jones, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jesse M. Skinner, federal prisoner # 35713-019, moves for leave to proceed in forma pauperis (IFP) in his appeal from the district court's order denying his pro se postconviction motion to dismiss certain counts in the indictment for his 2004 convictions of various controlled substance,

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

firearms, and assault offenses. This motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Although Skinner did not specify the legal authority under which he sought dismissal of his counts of conviction, the district court seemingly construed his motion as seeking relief under Federal Rule of Criminal Procedure 12. Skinner's postjudgment motion should have been construed as seeking relief under 28 U.S.C. § 2255, which "is the proper vehicle for challenging the validity of a conviction and sentence" in the collateral context. *Hooker v. Sivley*, 187 F.3d 680, 681 (5th Cir. 1999). However, because Skinner had not received this court's authorization to file a successive § 2255 motion, the district court would not have had jurisdiction to consider that motion. *See id.* at 682. Because there was no other statutory authority permitting Skinner's motion, it was, in essence, "a meaningless, unauthorized motion" which the district court was without jurisdiction to entertain. *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).

As Skinner has not shown that the appeal raises a nonfrivolous issue, his appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Skinner's motion for IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. In light of Skinner's litigation history, he is WARNED that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction. He should review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.