# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2025

Lyle W. Cayce
Clerk

No. 24-50534
consolidated with
Nos. 24-50538, 24-50540

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Iry Williams,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 7:16-CR-206-1, 7:16-CR-68-1,
7:16-CR-69-1

_____

Before Southwick, Oldham, and Ramirez, *Circuit Judges*.
Per Curiam:[*]

Iry Williams challenges the denial of his motion for compassionate release from his 260-month term of imprisonment. We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

I

In 2016, Williams pleaded guilty to one count of escape from custody, and a jury found him guilty of one count of possession of a firearm. According to the Presentence Report (PSR), Williams absconded from a federal halfway house and used a firearm to commit robbery at a convenience store. During the robbery, Williams pointed the gun at the clerk's head and then struck the clerk in the head with the gun.

After he was arrested and incarcerated, Williams punched a correctional officer in the head and face, causing physical injury. In 2017, he pleaded guilty to assaulting, resisting, or impeding a federal officer.

At a sentencing hearing for all three convictions, the district court determined that Williams's total offense level was 24 and his criminal history category was VI. It sentenced him to a total of 260 months of imprisonment and three years of supervised release.[1] We affirmed Williams's sentence on appeal. *See United States v. Williams*, 718 F. App'x 295 (5th Cir. 2018) (per curiam).

On May 2, 2023, Williams filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c) and § 404(b) of the First Step Act. After considering the § 3553(a) sentencing factors (including Williams's extensive and violent criminal history), Williams's need for medical care, the kinds of sentences available, and the government's response, the district court denied

---

[1] Williams was sentenced to 60 months of imprisonment for the escape from custody charge, 100 months of imprisonment for the felon in possession charge, and 100 months of imprisonment for assaulting, resisting, or impeding a federal officer; all three sentences were imposed to run consecutively. He was also sentenced to three years of supervised release for each offense; the terms were imposed to run concurrently.

the motion. Williams failed to timely appeal the denial, and his motion for an extension of time to file a notice of appeal was denied.

On April 22, 2024, Williams filed a second pro se motion to reduce his sentence under 18 U.S.C. § 3582(c) and § 404 of the First Step Act.[2] The second motion did not present new facts and made the same arguments as his first motion. The government did not file a response. The district court denied the second motion in a brief order, finding that reducing Williams's sentence was not justified "because of the nature and circumstances of [Williams's] offense and his criminal history and characteristics" and because it would "fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, and protect the public from further crimes." Williams appeals the denial of his second motion.

## II

We review a district court's decision to deny compassionate release for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Pro se briefs are liberally construed. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

## III

Under § 3582(c)(1)(A), a district court may grant a defendant's motion to modify his term of imprisonment, after considering the § 3553(a) sentencing factors, "if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

---

[2] Williams filed identical motions in all three cases in this consolidated appeal.

A

Williams first argues that the district court abused its discretion by relying on the analysis of the § 3553(a) sentencing factors undertaken at his original sentencing and by failing to consider the factors anew in light of his compassionate release motion. He also contends that the district court did not sufficiently explain its denial of his compassionate release motion.

Although a district court must provide specific reasons for its decision, *Chambliss*, 948 F.3d at 693, the amount of explanation needed depends "upon the circumstances of the particular case," *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018). Here, the district court stated that it had considered the merits of Williams's second motion, and it explained that a sentence reduction was not justified based on the nature and circumstances of Williams's offenses and his criminal history and characteristics, as well as the need to promote respect for the law, provide just punishment, deter criminal conduct, and protect the public. Its ruling reflects a contemporaneous assessment of the 18 U.S.C. § 3553(a) factors. *See United States v. Henderson*, 636 F.3d 713, 718 (5th Cir. 2011) (per curiam).

In addition to its express statements, the district court's rationale regarding the § 3553(a) factors can also be inferred from its more expansive order, issued by the same district judge, that addressed Williams's first motion less than one year earlier. *Cf. United States v. Stanford*, 79 F.4th 461, 463–64 (5th Cir. 2023) (remanding so the district court could explain its reasons for denial where we could not "infer [its] reasons from something else in the record"). This is not a case where Williams's second motion "present[ed] changed factual circumstances and it is not possible to discern from the earlier order what the district court thought about the relevant facts." *United States v. Handlon*, 53 F.4th 348, 353 (5th Cir. 2022) (vacating district court's denial of motion for compassionate release where it provided

4

24-50534
c/w Nos. 24-50538, 24-50540

only a "one-sentence decision explain[ing] that the motion was denied 'for the same reasons stated in [its prior order]'").

We find no abuse of discretion.

B

Williams next argues that the district court abused its discretion by failing to consider § 3553(a)(4) and § 3553(a)(6) specifically.[3] He contends that the district court's evaluation of the appropriate sentence was influenced by incorrect calculations of his guidelines range at his original sentencing, and that his sentence should be reduced because it is procedurally and substantively unreasonable.

The district court was not required to expressly analyze every factor set forth in § 3553(a) to adequately explain its discretionary denial of the compassionate release motion. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) ("[A] checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable."). Moreover, any claims of error in calculating Williams's guidelines range and determining his sentence should have been raised in his direct appeal; they cannot support a compassionate release motion. *See United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). We find no abuse of discretion.

_____

[3] Under § 3553(a)(4)(A), the court shall consider "the kinds of sentence and sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing] [G]uidelines." 18 U.S.C. § 3553(a)(4)(A). Under § 3553(a)(6), the court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(6).

24-50534
c/w Nos. 24-50538, 24-50540

## C

Williams argues that the district court denied him the right to a fair tribunal by denying his compassionate release motion without requesting a response from the Government. He fails to show an abuse of discretion in this regard. *See Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (explaining that "a district court may in proper circumstances deny a motion for compassionate release without even requesting a response from the Government").

Williams also argues that the district court erred by failing to adequately consider his motion for the appointment of counsel. He claims that counsel should have been appointed in the interest of justice. He fails to show an abuse of discretion. *See United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).

## D

Asserting an as-applied challenge to 18 U.S.C. § 922(g)(1) under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), Williams challenges his felon in possession conviction. A motion for compassionate release is not the proper vehicle for challenging a federal conviction. *See Escajeda*, 58 F.4th at 187; *Hooker v. Sivley*, 187 F.3d 680, 681 (5th Cir. 1999) (per curiam) ("§ 2255 is the proper vehicle for challenging the validity of a conviction and sentence . . . ." (citation omitted)).[4]

---

[4] In an abbreviated argument, Williams also faults the district court for failing to consider the effect of Amendment 821 to the Sentencing Guidelines on his motion for compassionate release. Because he did not raise this issue in the district court, we do not address it. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397–98 (5th Cir. 2021) ("We do not ordinarily consider issues that are forfeited because they are raised for the first time on appeal.").

24-50534
c/w Nos. 24-50538, 24-50540

E

Finally, Williams argues that the district court abused its discretion by not addressing whether he is eligible for relief under § 404 of the First Step Act.[5] He contends that his 1997 conviction for possession of cocaine base with intent to distribute is a "covered offense" under the First Step Act.

Section 404 of the First Step Act grants a sentencing court discretion to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed."[6] First Step Act § 404b. A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010[,] . . . that was committed before August 3, 2010." *Id.*

Williams was released from custody for his 1997 conviction in 2004, so that conviction cannot serve as a basis to reduce his current sentence. Because escape from custody, possession of a firearm, and assaulting, resisting, or impeding a federal officer are not "covered offenses," under the First Step Act, we find no abuse of discretion.

\*     \*     \*

The judgment of the district court is AFFIRMED. All outstanding motions are DENIED as MOOT.

---

[5] First Step Act, Pub. L. No. 115-391, § 404b, 132 Stat. 5194, 5222 (2018).

[6] The Fair Sentencing Act of 2010 was passed "to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine." *United States v. Russell*, 994 F.3d 1230, 1234 (11th Cir. 2021). Until the First Step Act was passed, "the Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after the Fair Sentencing Act's effective date." *Id.*